BOLIN, Judge.
Plaintiff alleged he received accidental injuries while employed as a manual laborer for Henry R. Mann, pipeline contractor. He instituted suit against Mann and his insurer for benefits under the Workmen’s Compensation Act for permanent and total disability. For written reasons plaintiff’s demands were rejected and he appeals.
There are two possible questions for decision :
(1) Has plaintiff shown he suffered an “accident” as defined and interpreted under the Louisiana Workmen’s Compensation Act?
(2) In the event the first question is answered in the affirmative, has plaintiff discharged the burden of proving he is totally and permanently disabled because of the accident ?
Henry R. Mann had a contract to lay several miles of thin three-inch pipe near Karnack, Texas. Plaintiff’s duties consisted of aiding several other employees in manually placing a string of the welded pipe into a ditch so that it could be covered with dirt. Carter contends that on May 4, 1966 he was struck in the stomach by a joint of this pipe. While admitting he gave no formal notice of the alleged accident to his employer he says he com *136 plained to a fellow-employee and to a supervisor. It is conceded plaintiff continued working on the pipeline job until approximately May 13th, at which time he terminated his employment without prior notice and proceeded immediately to Buras, Louisiana, where he applied for work as a manual laborer. A pre-employment physical examination given on May 16th revealed plaintiff had a hernia and his application was rejected for this reason. He then returned to his home in Winn Parish where he was examined by Dr. J. L. Plunkett, Jr., a general practitioner of Natchitoches, who diagnosed his condition as a bilateral inguinal hernia.
On or about May 20th plaintiff telephoned Mann he had been injured on the pipeline job and requested he be paid workman’s compensation benefits, which request was denied. Notwithstanding the denial of liability defendant insurance company agreed to pay for an operation to repair plaintiff’s hernia. On June 23, 1966, Dr. Plunkett performed the operation and treated Carter until August 20, 1966, at which time he discharged him as being able to return to work. The insurance company paid for the operation and also paid plaintiff compensation benefits until the date he was discharged by Dr. Plunkett.
In October, 1966 plaintiff was employed for approximately four weeks as a power saw operator by T & C Contractors who were engaged in clearing a right-of-way. After terminating his employment with T & C he again consulted Dr. Plunkett complaining he was unable to work because of pain and fatigue.
Dr. Plunkett, being unable to find anything physically wrong with Carter, referred him to Dr. Charles R. Armistead, a psychiatrist of Shreveport, Louisiana. Dr. Armistead had two consultations with Carter, each lasting approximately SO minutes. Dr. Armistead’s examination consisted of giving his patient a written test of approximately 566 questions as well as conferring with him at length in an effort to delve into his patient’s inner thoughts. He evaluated the test in conjunction with the conferences and diagnosed Carter as somewhat neurotic by nature. Carter admitted he had a nervous stomach which had caused him trouble since he had been in the army during World War II. Dr. Armistead also indicated plaintiff was depressed and experienced anxiety over his inability to have a complete sex life. With plaintiff’s background of nervous and emotional instability Dr. Armistead was of the opinion the hernia operation triggered the development of traumatic neurosis. Dr. Ar-mistead felt plaintiff’s anxiety and depression would probably continue for an indefinite period of time and would disable him to a certain degree from performing manual labor.
Plaintiff was also examined by Dr. Jack B. Birdwell, a surgeon of Shreveport, Louisiana, who testified the hernia operation was a complete success and he could find no physical reason why Carter could not return to work.
Answering the questions in the order previously stated we are in accord with the following written reasons given by the trial judge:
“The first is whether plaintiff in fact did suffer an accident. Although the Court has serious doubts about whether an injury was sustained by plaintiff while working for the defendant, the Court will pretermit further discussion on this point in view of the decision which has been reached on the second question.”
Giving consideration to the most serious aspect of this case we unhesitatingly state plaintiff has failed to show he has any disability caused by physical or organic defects and, therefore, if he has any disability it must be attributed to an emotional or nervous condition. We are aware that traumatic neurosis or a conversion reaction, forms of which are sometimes revealed as hysteria, are not new to the jurisprudence of this State. Even though an accident may not directly produce a physical disability, nevertheless, if *137 the workman does in fact become disabled as a result of the accident the injury is compensable although such disability may be the result of hysteria or neurosis. However, in cases of this type our courts must proceed with utmost caution and exercise extreme care to protect employers and insurers against unjustified claims in view of the nebulous characteristics of such disability. On the other hand, the contrary danger of denying coverage to a deserving claimant is equally apparent. Miller v. United States Fidelity and Casualty Company, 99 So.2d 511, La.App. 2 Cir. 1957; Peavy v. Mansfield Hardwood Lumber Company, 40 So.2d 505, La.App. 2 Cir. 1949; Williams v. Bituminous Casualty Corporation, 131 So.2d 844, La.App. 2 Cir. 1961; Elliott v. Insurance Company of North America, 159 So.2d 313, La.App. 2 Cir. 1963.
Viewed in light of the jurisprudence enunciated above we conclude plaintiff has not established he was totally and permanently disabled due to an emotional or nervous condition attributable to his alleged accidental injury. Dr. Armistead was the only psychiatrist who examined plaintiff and while his testimony strongly suggests plaintiff was disabled there was insufficient medical evidence to corroborate his conclusion. Dr. Plunkett and Dr. Birdwell, neither of whom were experts in the field of psychiatry, were convincing in their testimony that Mr. Carter’s operation was a complete success.
We find no error in the reasons given by the trial judge and, to the contrary, are in complete accord with these findings:
“In the present case, the Court does not feel that plaintiff has borne the burden of proof and established to a legal certainty and by a reasonable preponderance of the evidence that he is suffering from traumatic neurosis as a result of his hernia.”
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.