251 So.2d 97 (1971)
Alfha HARRELL, Plaintiff-Appellee,
v.
DELTA DRILLING COMPANY and Fidelity & Casualty Insurance Company of New York and/or the Continental Insurance Companies, Defendants-Appellants.
No. 3434.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1971.
Rehearing Denied August 16, 1971.
Writ Refused October 21, 1971.
*98 Stockwell, St. Dizier, Sievert & Viccellio by Robert W. Clements, Lake Charles, for defendants-appellants.
Adam G. Nunez, Lake Charles, for plaintiff-appellee.
Before SAVOY, MILLER and DOMENGEAUX, JJ.
DOMENGEAUX, Judge.
Plaintiff, Alfha Harrell, a truck driver, filed this suit for workmen's compensation benefits against his employer Delta Drilling Company, hereinafter termed Delta, and its insurer, The Fidelity & Casualty Company of New York. He alleged that on June 25, 1968 he was struck on the head by a cheater bar which he was using to unload pipes from a truck and that as a consequence of this accident he developed a traumatic neurosis which rendered him totally and permanently disabled.
Following a trial on the merits the district court rendered a judgment in favor of plaintiff, awarding him compensation benefits for total and permanent disability. Defendants appealed that judgment contending in essence that the trial court erred in concluding that the evidence supported a finding of total and permanent disability connected with the aforementioned accident.
The record discloses that plaintiff had been involved in a previous accident on October 17, 1967 while he was employed by I.M.C. Corporation as a truck driver. The tandem truck which he was driving jackknifed on the highway producing injuries to plaintiff, and he filed a workmen's compensation claim against his then employer and its insurer which was dismissed on a plea of prescription. The gravity of the effects of this prior accident on plaintiff's ability to work are in dispute with plaintiff testifying to contrary results at a hearing on the plea of prescription and at the trial of the case at bar. Also, plaintiff admitted to having been involved in numerous other compensation and personal injury claims in *99 the past, however, only this one previous accident is relevant to our discussion since defendants contend that whatever traumatic neurosis plaintiff may have, was caused by the accident he had while driving for I.M.C. Corporation.
In this regard we note the testimony of plaintiff's daughter and present wife to the effect that although plaintiff was nervous and short tempered and complained of headaches after the previous accident, he had gradually improved until his accident with Delta. The plaintiff's testimony on this point was, as said above, contradictory, but he did, in fact, return to work with I.M.C. Corporation following his accident, and remained therein for some five months, until he was employed by Delta. Delta's company physician, Dr. Paul Comeaux, examined plaintiff for the purpose of determining his fitness to work for Delta and approved him. Two of plaintiff's fellow employees with Delta testified that in the month or so that he worked for that company he had made no complaints and that he performed his duties well.
The fact of the occurrence of plaintiff's second accident, the one in question, is not disputed. Plaintiff was using a cheater bar, which is a metal rod of some three feet in length and between one and two inches in diameter, to pry some oil field pipes loose from a truck, when the cheater bar struck him on the side of the head. That, however, is the extent of agreement. Plaintiff stated that the blow dazed him for a few minutes and that upon regaining full consciousness he found himself standing on the ground. A fellow employee who was helping him unload the truck, Mr. Prather, said that plaintiff merely shook his head, made a laughing remark to the effect that the blow had almost rendered him unconscious, and continued working. Both agree that plaintiff did in fact finish unloading the truck after the accident. Although Mr. Prather did not notice any evidence of injury to plaintiff, the latter stated that his head began to swell and ache and that he experienced dizziness and vomiting. Consequently he visited the company physician that same day.
Dr. Comeaux testified that plaintiff did go to him with the aforementioned complaints, but that he could find no objective signs of injury in him. He hospitalized plaintiff for observation for one day and one week later, cleared him for returning to work.
Plaintiff then returned to his employment with Delta Drilling Company, but left three days later. Two employees of that company testified that he told them he was quitting because of marital difficulties and his consequent intention to relocate elsewhere. Plaintiff contends, however, that he left his employment with Delta because the headaches, dizziness, vomiting, etc. from which he was suffering as a result of his latest accident, made it impossible for him to continue functioning as a truck driver.
To support his contention plaintiff introduced the depositions of two neuropsychiatrists, Dr. Percy W. Bailey, Jr. and Dr. Charles R. Smith, and a clinical psychologist, Dr. Lyle H. Wharton. All three were of the opinion that plaintiff was suffering from traumatic neurosis with the concurrence of their opinions being that the second accident, if not an equal cause of the neurosis with the first, was at least an aggravating factor and served to trigger the symptoms. He also presented the testimony of his wife, his daughter, and some acquaintances, all of whom testified to having observed his irritability, moodiness, vomiting, complaints of pain, and inability to work, particularly around trucks.
In opposition to the plaintiff's evidence, the defendants presented the testimony of one of plaintiff's fellow employees with Delta, a Mr. Yocham. He testified, in essence, that he had never heard plaintiff complain of his alleged injuries and that plaintiff had told him that he was quitting his job because of marital difficulties. They also had plaintiff examined by Dr. Gilles R. Morin, a third psychiatrist, who *100 testified at the trial. It was Dr. Morin's opinion that plaintiff was suffering from a neurosis but that his affliction pre-dated either of the accidents. However, he was unwilling to categorically state that the accident with Delta in no way affected the neurosis. Further, although he stated that he did not consider plaintiff's headaches to be of such severity as to disable him, he also said that he had not been given a history of vomiting in connection with the headaches, and that if such were the case they could be severe enough to prevent him from working.
The evidence then, is conclusive of the fact that plaintiff is suffering from a neurosis and the preponderance of the evidence indicates that it was at least aggravated by the accident in question, and that it has disabling effects on plaintiff. Under these circumstances we certainly cannot say that the factual findings of the trial judge are characterized by manifest error.
The law of this state is well settled that an employer takes an employee as he finds him and is liable to him for compensation even when the disabling accident was such only because of a pre-existing disorder in the employee. Clement v. Fidelity & Casualty Co. of New York, La. App., 220 So.2d 575; Lum v. Employers Mutual Liability Ins. Co. of Wisconsin, La. App., 216 So.2d 889; Allen v. Insurance Co. of North America, La.App., 216 So.2d 400. It is equally well established that traumatic neurosis, if it results from a work connected accident and produces disability, is compensable even though there be no physical disability. Boutte v. Mudd Separators, Inc., La.App., 236 So.2d 906; Carter v. Henry R. Mann, Contractor, La.App., 216 So.2d 135, writ refused, 253 La. 315, 217 So.2d 411; Jackson v. International Paper Co., La.App. 163 So.2d 362, writ refused, 246 La. 591, 165 So.2d 484. The legal conclusions of the trial court are therefore also correct.
Defendants lastly specify as error the trial court's action in granting plaintiff a continuance because he had been surprised by an adverse medical report. The trial court is possessed of great discretion in the matter of continuances and, unless clearly abusive, his decisions will not be upset by this court. La.Code of Civil Procedure, Art. 1601; Plaisance v. Collins, La.App., 234 So.2d 436; Wall v. Wall, La.App., 230 So.2d 420. Although we have not been favored with much argument on this point, we readily conclude that there was no abuse of discretion in the instant case.
For the above and foregoing reasons the judgment of the trial court must be, and the same is hereby, affirmed at appellants' cost.
Affirmed.