347 So.2d 1262 (1977)
Bob PATTERSON and Beth Burns Miller Patterson, Plaintiffs-Appellants,
v.
Anthony B. LEGGIO, M.D. and St. Paul Fire & Marine Insurance Company, Defendants-Appellees.
No. 11393.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
*1263 Winston W. Riddick, Baton Rouge, of counsel for plaintiff Bob Patterson, et ux., appellant.
Donald S. Zuber, Baton Rouge, of counsel for defendant Anthony B. Leggio, M.D., et al., appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
SARTAIN, Judge.
When this medical malpractice suit was called for trial on the merits, plaintiffs' counsel announced that they were not prepared to proceed. They now appeal from a judgment dismissing their claims with prejudice. We affirm.
Suit was filed on October 30, 1975. Named as defendants were Dr. Anthony B. Leggio and his liability insurer, St. Paul Fire & Marine Insurance Company (appellees). The petition avers that Dr. Leggio misrepresented to Mrs. Patterson the need for a hysterectomy.
The chronology of events is as follows: Accompanying the petition was a prayer for a trial by jury. The same was filed and bond was set at $850.00. The answer and responses to all interrogatories were filed by February 17, 1976. On June 4, 1976, counsel for appellees requested a pretrial conference which was set for June 23, 1976. Plaintiffs' counsel asked that the conference be deferred until the end of July, due to his heavy trial schedule. By notice dated July 30, 1976, the court advised the parties that the pretrial conference would be held on August 5, 1976. Plaintiffs indicated that *1264 they had not completed pretrial discovery and again requested that a later date be selected for the pretrial conference. The trial judge again granted the request and reset the conference for August 26, 1976, on which date it was actually held. On this occasion counsel for plaintiffs opposed an early trial date (normally within one to two months of the date of the pretrial conference) so the district judge set the matter for trial on December 1, 1976. Nothing is contained in the record up to this date as to whom plaintiffs desired to depose or what matter was the subject of additional pretrial discovery. On October 5, 1976, the court, at the instance of plaintiffs' counsel, directed Womans Hospital, Baton Rouge, Louisiana, to make available to him "any and all pathology slides" relating to Mrs. Patterson's treatment at that institution.
Apparently on or about November 17, 1976, plaintiffs' counsel requested a continuance of the trial judge for December 1, 1976, because the minutes reflect that the court, ex proprio motu, set this request down for hearing for November 29, 1976. On this date the request was denied. On November 30, 1976, this court denied writs (No. 11,270) and on December 1, 1976, the Supreme Court likewise refused writs (No. 58,919).
On December 1, 1976, when the matter was called for trial, plaintiffs' counsel first asked for a continuance on the grounds that he had asked for a jury trial. The court properly denied the same because no bond had been filed. The only bond in the record is in the amount of $750.00 and that was filed in response to appellees' motion for security for costs.
Counsel for plaintiffs then sought a continuance apparently on the same grounds that were urged on November 29, 1976. This request was also denied. Counsel then stated he was ". . . not at this time prepared to go forward on the merits." and offered no evidence. The court then granted defendants' motion to dismiss.
The record contains the fully colloquy between counsel for all parties and the court, including all of the court's correspondence reflecting the above noted chronology of events.
Plaintiffs' counsel contends that he acted diligently in preparing his case for trial and that the trial judge's refusal to grant the requested continuance was an abuse of discretion on his part. We find no such abuse.
A continuance, of course, may be granted in any case if there are good grounds therefor. C.C.P. Art. 1601. The granting or refusing to grant a continuance, absent peremptory causes (C.C.P. Art. 1602), lies within the sound discretion of the trial judge. Weighed against the possibility of injustice, unfairness and inequity which might result from a premature trial, is the effect that a continuance might have on the administration of justice, including congested court dockets, and just as important, a defendant's corollary right to have serious charges against him judicially resolved within a reasonable time. Lambert v. Heirs of Adams, 325 So.2d 331 (La.App. 3rd Cir. 1976), writs refused, 329 So.2d 458 (La. 1976).
Plaintiffs contend that it is essential that they depose a Dr. Stuckey prior to seeking additional expert testimony from an independent pathologist, and that this discovery could not be commenced until they had obtained certain information from Womans Hospital. The record reflects that the information desired and the persons sought to be deposed were not contained in the pretrial order and that no effort was made to obtain any information from the hospital between the date suit was filed on October 30, 1975, until August 30, 1976, by letter request, and October 5, 1976, by subpoena, notwithstanding the fact that plaintiffs' petition clearly stated that a pathology report rendered by Dr. Stuckey did not justify the operation recommended and performed by Dr. Leggio.
The trial court noted that it had deferred at appellants' request holding a pretrial conference from June 23, 1976 until August 26, 1976, and did not assign the matter for trial until December 1, 1976, to afford plaintiffs' counsel ample time to obtain the information he desired.
*1265 Under these circumstances, we find no abuse of discretion on the part of the district judge and affirm at appellants' costs.
AFFIRMED.