HALL, Judge.
Plaintiff suffered an on-the-job heart attack (myocardial infarction) in December 1975 when his employer, Louisiana Forestry Commission, was insured by defendant, Houston General Insurance Company. He was paid compensation by Houston General until he returned to work in August 1976. In November 1976 after a day at work he experienced a coronary insufficiency while at home in bed in the early hours of the morning, requiring his hospitalization. At that time his employer was insured by defendant-third-party defendant, Rockwood Insurance Company. Plaintiff later underwent by-pass surgery in Houston. He has not worked since the November 1976 incident and is totally and permanently disabled.
The trial court rendered judgment in favor of plaintiff against Houston General for total and permanent disability benefits, penalties and $5,000 attorney’s fees. The demands of plaintiff and Houston General against Rockwood were rejected. Houston General appealed.
Appellant specifies the trial court erred:
(1) In finding the sole cause of plaintiff’s disability was the December 1975 heart attack; and
(2) In assessing penalties and attorney’s fees, and, alternatively, in awarding excessive attorney’s fees.
*254 Although Houston General does not entirely concede the point, the testimony of the treating physician and a doctor called by the defendant clearly established that plaintiff’s disability after November 1976 was a direct, foreseeable consequence of and directly attributable to his December 1975 heart attack, which caused permanent damage to plaintiff’s heart and from which he never fully recovered. Houston General, the insurer at the time of the heart attack, is liable for workmen’s compensation benefits.
The primary issue in the case is whether the coronary insufficiency experienced by plaintiff in November 1976 was a work-related accident and injury which also contributed to plaintiff’s disability, making Rockwood also liable for the payment of benefits. We hold it was not and affirm the trial court’s judgment.
Plaintiff returned to his work as a forest worker in August 1976. Although he worked every day, and over a period of time was able to resume climbing the 100 foot ladder of the fire tower, he did not perform the more strenuous duties of his job, being assisted in this respect by his co-workers.
On the day before plaintiff experienced the coronary insufficiency, he had done some fairly strenuous work, loading and unloading some firewood. He attended a football game that evening before going to bed about 11:00. About 3:00 in the morning he awakened with chest pains. Dr. McIntyre Bridges, the physician who treated plaintiff for his heart attack, diagnosed his condition as coronary insufficiency — an insufficient supply of oxygen to the heart— resulting from his preexisting condition and heart damage. Dr. Bridges testified he had no way of knowing whether the coronary insufficiency was related to plaintiff’s work activity that day. The essence of the doctor’s testimony was that the relationship was unlikely because it was his opinion that a coronary insufficiency caused by exertion, and its accompanying pain, will ordinarily manifest itself immediately or within two hours after the exertion.
Dr. Frank Dienst, testifying on behalf of the defendant, never examined plaintiff and expressed his opinion in answer to hypothetical questions. He was of the opinion a coronary insufficiency due to exertion might manifest itself any time within 24 hours after the exertion. He thought plaintiff’s coronary insufficiency was probably brought on by his work which aggravated his previous condition.
The trial court gave greater weight to the testimony of the well-qualified treating physician, who saw and treated plaintiff. Babin v. Highland Insurance Company, 290 So.2d 720 (La.App. 1st Cir. 1974). Defendant’s well-qualified witness never examined the plaintiff and the hypothetical questions posed to him did not coincide in all respects to the established facts. The medical evidence does not establish a causal connection between plaintiff’s work activities and the coronary insufficiency.
Further, the medical evidence does not establish the coronary insufficiency experienced by plaintiff in November 1976 was an accident or injury which caused plaintiff’s disability. Rather, it was a symptom or manifestation or result or consequence of the original heart attack. According to the medical evidence, the coronary insufficiency did not itself damage plaintiff’s heart, but was a manifestation of plaintiff’s previously incurred damage. It was not a cause of plaintiff’s disability, but was the disability itself, caused by the December 1975 accident or injury.
Rockwood, the insurer in November 1976, is not liable for workmen’s compensation benefits.
The trial court correctly assessed penalties and attorney’s fees. Houston General refused to pay benefits and medical expenses after November 1976 on the basis that plaintiff’s disability was due to a new injury for which it was not responsible since it no longer provided insurance coverage to the employer. At the time Houston General refused payment, it had in its hands a report from Dr. Bridges clearly expressing his opinion that plaintiff’s disability was *255 caused by or connected with the December 1975 heart attack. The evidence does not show that Houston General had any medical information to the contrary. The withholding of payment of benefits and medical expenses with no information contrary to that provided by the treating physician is arbitrary and capricious and renders the insurer liable for penalties and attorney’s fees. Williams v. Liberty Mutual Insurance Company, 327 So.2d 462 (La.App. 3d Cir. 1976); Scott v. Hartford Accident & Indemnity Company, 302 So.2d 641 (La.App. 3d Cir. 1974). The amount of $5,000 awarded as attorney’s fees was not excessive and was within the trial court’s discretion.
The judgment is affirmed at appellant’s costs.
Affirmed.