406 So.2d 701 (1981)
Percy SCOTT, Plaintiff-Appellee,
v.
SEARS, ROEBUCK & COMPANY, Defendant-Appellant.
No. 14700.
Court of Appeal of Louisiana, Second Circuit.
November 2, 1981.
Rehearing Denied December 10, 1981.
*702 C. William Gerhardt, Shreveport, for plaintiff-appellee.
Wilkinson & Carmody by Lawrence W. Pettiette, Jr., Shreveport, for defendant-appellant.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
En Banc. Rehearing Denied December 10, 1981.
JASPER E. JONES, Judge.
This is a workers' compensation case. The defendant, Sears Roebuck & Company, appeals from a judgment in favor of the plaintiff, Percy Scott, for permanent partial disability, interest, penalties, attorney's fees and costs. Plaintiff did not appeal nor answer defendant's appeal. We amend and affirm.
*703 Defendant sets forth five assignments of error. First, that the trial judge erred in finding that Scott was permanently partially disabled. Second, that is was error to allow the testimony of a medical expert whose opinion and intended use at trial were unknown to Sears until the morning of the trial. Third, that it was error to refuse a motion for continuance based on incomplete discovery and oral representation that a material witness would be absent. Fourth, that the trial judge erred in finding the termination of benefits arbitrary and capricious. Fifth, that the trial judge erred by awarding excessive attorney's fees. In his brief plaintiff requests an increase in the award of attorney's fees.
It is not contested that Scott injured his back while working as a porter in defendant's Mall St. Vincent store in Shreveport. The injury occurred on September 7, 1978.
The treatment of Scott's back injury required two separate operations. Scott was initially treated conservatively and attempted to return to work a few weeks after he was hurt. On that occasion Scott had to quit working because of pain after only about two hours. He has not worked since.
The first operation was performed by Dr. A. E. Dean, Jr. on April 3, 1979. It was a hemilaminectomy and removal of a damaged disc at the L4 level. On February 26, 1980 Dr. Dean performed the second operation. That time he again did a hemilaminectomy and removed a damaged disc at the L5 level. Dr. Dean also performed a decompression and posteriolateral fusion in the second operation.
Sears paid Scott full workers' compensation benefits through October 18,1980. Reduced benefits were paid for the remainder of October when all payments were terminated. Scott then brought this suit.
We initially address plaintiff's request, made in brief, for an increase in attorney's fees. As Scott has not answered defendant's appeal, nor taken his own, this request for an increase in the attorney's fee award may not be considered by this court. LSA-C.C.P. art. 2133.
We now consider Sears' assignment as error the trial judge's denial of its motion for continuance based on incomplete discovery and an oral representation that a material witness would be absent. Sears argues that this motion was based on a peremptory ground under LSA-C.C.P. art. 1602 which provides in part:
"A continuance shall be granted if ... a material witness has absented himself without the contrivance of the party applying for the continuance ..."
The allegedly material witness whose absence forms the basis of the motion is Mr. Stanley Morris, an attorney in the Sears legal department. Morris was the Sears employee who made the decisions as to plaintiff's request for workers' compensation. It was apparently Morris who ordered the reduction in and then termination of Scott's workers' compensation benefits.
Sears requested ten days notice of when the case was set for trial. Sears did not suggest, and the record does not indicate, that it did not receive that notice. Thus, we have Sears claiming a peremptory continuance because with ten days notice it could not get its own employee, Stanley Morris, to Shreveport for the trial.
The reason Sears gives for its inability to have Morris at the trial is that he had been transferred from Dallas to Atlanta and could not be reached since he was in the process of moving. That excuse is unimpressive. It is inconceivable to this court that with ten days notice Sears could not have its own employee in Shreveport for the trial if it had exercised diligence.
It is not error to refuse a continuance to a party who has made no genuine diligent attempt to secure the attendance of the alleged material witness. Thompson v. Warmack, 231 So.2d 636 (La.App. 3d Cir. 1970). Under the facts here presented we find Sears has not made a diligent attempt to secure the attendance of Morris. This amounts to contrivance on the part of Sears within the contemplation of LSA-C.C.P. art. 1602. We also doubt that Morris was a *704 material witness within the purview of LSA-C.C.P. art. 1602 because as will be reflected in the opinion on the merits there was no testimony he could have given affecting the plaintiff's entitlement to compensation or penalties and attorney's fees.
The other ground for Sears' pre-trial motion for continuance is that discovery was not complete. The decision to grant or deny this motion lay within the discretion of the trial judge. LSA-C.C.P. art. 1601.[1]Stablier v. Partin, 278 So.2d 537 (La.App. 1st Cir. 1973); Patterson v. Leggio, 347 So.2d 1262 (La.App. 1st Cir. 1977); Harrell v. Delta Drilling Company, 251 So.2d 97 (La.App. 3d Cir.1971).
This suit was filed in November, 1980, and was not tried until February 19, 1981. While this may be an unusually short time between filing suit and trial of the case, we believe there was ample time for all needed discovery. That Sears failed to pursue discovery with greater vigor should not be allowed to deny Scott the opportunity for an early trial. We find no abuse of discretion by the trial judge. There was no error in denying defendant's pre-trial motion for continuance.
Sears assigns as error that the trial judge allowed Dr. Phillip Osborne to testify. The testimony of Dr. Osborne, Director of the Pain and Rehabilitation Center, was that plaintiff displayed some objective symptoms which were consistent with his complaints of pain but that he could not quantify the amount of pain Scott felt. Thus, the general effect of Osborne's testimony was to buttress plaintiff's testimony and credibility.
Sears contends that it did not learn of Osborne's opinion and that it would be used at trial until the morning of the trial. Therefore, Sears argues, it should have been given a continuance.
There was no pre-trial order listing the witnesses in this case. However, the plaintiff's answers to defendant's interrogatories indicated that plaintiff intended to call as witnesses the physicians he had seen. Both the deposition of Dr. Dean taken on February 3 and the plaintiff's answers to interrogatories filed February 17 state that plaintiff had gone to the Pain and Rehabilitation Center for tests.
The record does not indicate that Sears actually requested a continuance because of surprise by Osborne's testimony, but even if it did it was not error to deny it. The request would not have been based on a peremptory ground under LSA-C.C.P. art. 1602[2] and was, therefore, subject to the trial judge's wide discretion which will not be disturbed in the absence of abuse. LSA-C.C.P. art. 1601; Stablier; Patterson; and Harrell, supra. There was no abuse of discretion in this case. Following Dean's deposition which occurred 16 days before trial Sears could have learned of Osborne and then used discovery to protect itself, but did not.
Sears relies on Harrell, supra. We do not think that our decision is at odds with that case. Harrell does not require a continuance when there is surprise medical evidence. It only holds that it is not error to grant a continuance under such circumstances. That does not mean that it is error to deny a continuance in such a circumstance because Harrell also recognizes that such a continuance is left to the discretion of the trial judge and will not be upset in the absence of clear abuse. This assignment is without merit.
Defendant contends the trial judge committed error when he found plaintiff had established permanent partial disability. A worker is partially disabled if he cannot perform the duties of his former employment but can still do other work. *705 LSA-R.S. 23:1221(3).[3]LeBlanc v. Commercial Union Assur. Co., 349 So.2d 1283 (La. App. 1st Cir. 1977); Conlay v. Houston General Ins. Co., 370 So.2d 196 (La.App. 3d Cir. 1979), writ granted 371 So.2d 618 (La.1979). Disability is a question of fact which should not be disturbed in the absence of manifest error. Crump v. Hartford Acc. & Indemn. Co., 367 So.2d 300 (La.1979); Anderson v. Tudor Construction Company, 281 So.2d 817 (La.App. 3d Cir. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Sears argues that there is no evidence in the record that supports a finding of permanent partial disability. A review of the evidence does not support this conclusion.
Dr. Dean testified by deposition on February 3, 1981. In his deposition Dean stated that Scott was very near his maximum improvement at that time and that Scott was unable to perform heavy lifting, stooping, and bending, all of which activities were required by plaintiff's job at Sears. Both plaintiff and Johnny O'Neal, a part-time porter at Sears, testified as to the duties and requirements of the job of porter. They testified the work required heavy lifting, stooping and bending. The plaintiff testified he would not be able to perform those duties in his present condition.
Plaintiff and his nephew, Tony Lee Scott, both testified that plaintiff experiences considerable pain in most types of physical activity. Scott testified he was unable to rake his yard or make his bed because of the pain he experiences in performing those tasks. Plaintiff testified that he suffered pain if he had to stand for more than short periods of time and that he had to spend much time recumbent in order to alleviate the pain in his back. Dr. Osborne testified that plaintiff had objective symptoms which were consistent with his complaints of back pain.
We think the record clearly shows that at the time of maximum recovery plaintiff was unable to perform the heavy labor and the stooping and bending required to be a porter. It is obvious that if Scott cannot work as a porter when he is as well as he is going to get he will never be able to work as a porter. The trial judge was correct in finding Scott partially disabled. We do note that the judgment incorrectly referred to plaintiff as permanently partially disabled but properly specified that the benefits awarded were under the provisions of LSA-R.S. 23:1221(3) and this provision refers to the disability as *706 "partial disability" rather than "permanent partial disability." (See Fn. 3.) The incorrect designation of the partial disability as permanent partial does not affect appellant's right to have the judgment reviewed at any time six months after its rendition under the provisions of LSA-R.S. 23:1331[4] on the grounds that plaintiff's disability had diminished or terminated. In order to eliminate the inaccuracy here noted we shall amend the first paragraph of the judgment and recast it at the conclusion of this opinion.
The defendant assigns as error the trial judge's finding that its termination of benefits was arbitrary and capricious. Whether or not a termination of benefits is arbitrary, capricious or without probable cause depends primarily on the facts known to the employer at the time of its action. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965); DeJean v. B. F. Trappey's Sons, Inc., 285 So.2d 297 (La.App. 3d Cir. 1973); Arthur v. McConnell, 286 So.2d 499 (La. App. 2d Cir. 1973); Basco v. State of La., Dept. of Corrections, 335 So.2d 457 (La.App. 1st Cir. 1976); Parker v. Louisiana Forestry Com'n., 359 So.2d 252 (La.App. 2d Cir. 1978). The determination of whether the employer's conduct is arbitrary, capricious or without probable cause is a question of fact. Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir. 1977). Therefore, we may not disturb the trial court's finding unless it is manifestly erroneous. Arceneaux, supra.
The facts surrounding the termination of benefits are clear. Scott was partially disabled but Dr. Dean felt he might be capable of performing light duty work. Sears attempted to have Scott return to work in some light duty position. Scott refused because he felt it would be too painful to do even light duty work. Sears then terminated Scott's workers' compensation benefits. The medical reports which Sears had received from Dr. Dean when it reduced plaintiff's compensation in October of 1980 and when it terminated the compensation in November indicated only that Scott could return to light work. Sears had no medical evidence contrary to Dr. Dean's reports.
Sears takes the position that an employer is not obligated to pay workers' compensation benefits to an employee who is capable of gainful activity. Sears bases this contention on LSA-R.S. 23:1221(3) which awards benefits to a partially disabled employee in the amount of 66 2/3% of the difference between his former wages and any lesser wages he "actually earns" during the period of disability.
Sears contends that "actually earns" should be read as "actually earns or is capable of earning." Under that interpretation no benefits would be due as Scott was offered light duty work with Sears which paid the same as his old job as a porter.
The contention here made by Sears was made and rejected in Mayes v. Louisiana-Pacific Corp., 379 So.2d 46 (La.App. 3d Cir. 1979), writ refused La., 381 So.2d 1232. In light of the extensive discussion of this argument in Mayes we do not feel any useful purpose would be served by a lengthy discussion of the contention here. We conclude that when the legislature stated "actually earned" it meant actually earned. Mayes and LeBlanc, supra.
When Sears terminated benefits it knew Scott was partially disabled and was not earning any wages. Thus, under the language of LSA-R.S. 23:1221(3) Scott was entitled to benefits but Sears terminated them. The trial judge was correct in concluding the termination was arbitrary and *707 capricious and awarding penalties and attorney's fees. King v. Insurance Company of North America, 288 So.2d 878 (La.App. 3d Cir. 1974); Morgan v. Lumbermen's Mutual Casualty Company, 317 So.2d 7 (La. App. 1st Cir. 1975); Lachney v. Cabot Corp., 368 So.2d 500 (La.App. 3d Cir. 1979); Brewton v. L. L. Brewton Lmbr. Co., Inc., 349 So.2d 1364 (La.App. 2d Cir. 1977); LSA-R.S. 23:1201.2.[5]
Sears' final assignment of error is that the attorney's fees awarded by the trial judge were excessive. Sears bases this contention on the amount of time plaintiff's attorney spent on this case. Sears argues that the award amounts to over $100 per hour and is therefore excessive.
There was testimony from Donald R. Miller, a Shreveport attorney, that in his view a fee of $5,000 would be appropriate in this case. The record shows that plaintiff's attorney had spent between 20 and 24 hours on this case prior to trial. The trial took two days and was brought to a successful conclusion for plaintiff. Further, in recent cases awards of attorney's fees as high as $5,000 have been allowed. Parker, supra; Wactor v. Gurtler Hebert Const. Co., 343 So.2d 383 (La.App. 4th Cir. 1977); Fazande v. Continental Grain Co., 363 So.2d 1253 (La.App. 4th Cir. 1978); DeVillier v. Highlands Ins. Co., 389 So.2d 1133 (La.App. 3d Cir. 1980).
The trial court has great discretion in fixing the amount of attorney's fees. Wactor, supra; Carter v. Roy O. Martin Industries, Inc., 336 So.2d 1002 (La.App. 3d Cir. 1976). The award of $3,500 was within that discretion. This assignment of error is without merit.
For the reasons set forth in this opinion we amend the judgment to eliminate the reference to plaintiff's disability as "permanent partial disability" and recast the first paragraph of said judgment to read as follows:
ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, PERCY SCOTT, and against the defendant, SEARS ROEBUCK & CO., for Worker's Compensation benefits for partial disability under LSA-R.S. 23:1221(3) for a period not to exceed 450 weeks beginning the date of plaintiff's injury September 7, 1978, payable at the rate of $110.67 per week, or in the event he actually is employed for wages during a week the compensation for such week shall be 66 2/3% of the difference between the wage being earned on September 7, 1978 and any wage he actually earns during said week, subject to credit for compensation payments previously paid through November 1, 1980, together with legal interest and a penalty of 12% on each past due payment from the date it became or becomes due until paid.
*708 As AMENDED the judgment is AFFIRMED. All costs are assessed against the appellant.
NOTES
[1] LSA-C.C.P. art. 1601: A continuance may be granted in any case if there is good ground therefor.
[2] C.C.P.Art.1602: A continuance shall be granted if at the time a case is to be tried, the party applying for the continuance shows that he has been unable, with the exercise of due diligence, to obtain evidence material to his case; or that a material witness has absented himself without the contrivance of the party applying for the continuance.
[3] R.S. 23:1221(3): Compensation shall be paid under this Chapter in accordance with the following schedule of payments:

(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond a maximum of four hundred weeks for such partial disability resulting from injury occurring on or after September 1, 1975, and on or before August 31, 1976; and not beyond a maximum of four hundred twenty-five weeks for such partial disability resulting from injury occurring on or after September 1, 1976, and on or before August 31, 1977, and not beyond a maximum of four hundred fifty weeks for such partial disability resulting from injury occurring on or after September 1, 1977; provided further that for any week during which the employee is paid any compensation under this subdivision (3) the employer shall be entitled to a reduction of one full week of compensation against the maximum number of weeks for which compensation is payable under this subdivision (3) and for any week during which the employee is paid no compensation, because of the employee's actual earnings during that week, the employer shall not be entitled to a reduction for that week against the maximum number of weeks for which compensation is payable under this subdivision (3), and in no event shall the total number of weeks of compensation for such partial disability under this subdivision (3) be increased beyond the maximum number of weeks stated in this subdivision (3).
[4] R.S. 23:1331: A judgment of compensation may be modified by subsequent agreement between the parties, with the approval of a judge of the court which rendered same.

At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation. In such cases the provisions of R.S. 23:1121 through R.S. 23:1124 with reference to medical examinations shall apply.
[5] R.S. 23:1201.1: A. Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claim, or in the event a partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due, and all reasonable attorney's fees for the prosecution and collection of such amount. Any such employer who at any time discontinues payment of claims due and arising under the provisions of this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the penalties set forth above, payable to the claimant, together with all reasonable attorney's fees for the prosecution and collection of such claims. The provisions of R.S. 23:1141 limiting the amount of attorney's fees shall not apply in cases wherein the employer is found liable for penalties and attorney's fees under the provisions of this Section.

B. The notice required by the provisions of this Section may be given or made by any person claiming to be entitled to compensation, or by any one on his behalf, and shall contain the information and signature required by R.S. 23:1293 and shall be given as required by R.S. 23:1294.