GUIDRY, Judge.
Plaintiff, Hulin Gauthier, Jr., filed this suit against his former employer, E.E. Ra-balais and Son, Inc. (hereafter Rabalais), and its workers compensation carrier, Indiana Lumbermen’s Mutual Insurance Company of Indiana (hereafter Indiana Lumbermen’s), seeking worker’s compensation benefits for total and permanent disability, penalties and attorney’s fees. After trial on the merits, the trial judge rendered judgment in favor of plaintiff, awarding benefits for the scheduled loss of a finger under La.R.S. 23:1221(4)(c), at the rate of $140.00 per week for 20 weeks, with credit for all sums previously paid in weekly benefits and dismissing plaintiffs claims for penalties and attorney’s fees. Both plaintiff and defendant have appealed.
FACTS
On March 5, 1982, plaintiff sustained a puncture wound to the tip of the middle finger of his left hand while working for Rabalais. Shortly thereafter, plaintiff developed a severe infection in the tip of that finger for which he was treated by Dr. Vanda L. Davidson. On March 13,1982, he was hospitalized for 10 days, at which time intravenous antibiotics and whirlpool treatments were administered. On April 26, 1982, Dr. Davidson released plaintiff to return to work. He received worker’s compensation benefits of $183.00 per week from March 5, 1982 until April 26, 1982 from Indiana Lumbermen’s.
Mr. Gauthier returned to work for Raba-lais in May of 1982, but was laid off on November 5, 1982 because of lack of work. Just prior to the time that plaintiff was laid off, his finger once again swelled and became tender. He was seen by Dr. Donald E. Hines on October 25, 1982. This time the infection involved the bone of the finger as well as the soft tissue. On November 3, 1982, Dr. Hines removed the distal end of the phalanx, a portion of the bone of the tip of the left middle finger. He was last seen by Dr. Hines on November 24, 1982, who opined that he would probably be able to return to work on December 1, 1982. Mr. Gauthier did not return to Dr. Hines, but instead returned to the care of Dr. Davidson, who saw him on December 6, 1982. He was still being treated by Dr. Davidson at the date of trial in March, 1983. Dr. Davidson opined that plaintiff would have been able to return to work on *338 January 3, 1983, if he had had a position to return to. Plaintiff filed this suit for compensation benefits on December 8, 1982. Thereafter on December 8, 1982, plaintiff was paid additional worker’s compensation benefits of $183.00 per week from November 8, 1982 through December 5, 1982. Plaintiff was also seen by Dr. Terry Alan Cromwell on February 8, 1983 for evaluation.
In written reasons for judgment, the trial judge stated his findings as follows:
“It is the finding of this court that plaintiff has suffered a constructive total anatomical loss of the middle finger of the left hand and may indeed require surgical removal of part or all of the affected finger. However, plaintiff has not proven that he has suffered an injury producing either temporary total disability, permanent total disability, or partial disability. Thus, plaintiffs case comes within the purview of the scheduled benefits of LSA-R.S. 23:1221(4)(c) as there is not sufficient evidence to support a finding of any further disability in addition to the constructive total anatomical loss of the left middle finger.”
Plaintiff appeals asserting that he is entitled to benefits for permanent total disability by reason of his inability to work except in substantial pain. In the alternative, he asserts that he is entitled to scheduled benefits for a proportionate loss of use or function of his hand under La.R.S. 23:1221(4)(e) or for serious impairment benefits as provided in La.R.S. 23:1221(4)(p). Additionally, plaintiff reasserts his demand for the penalties and attorney’s fees denied by the trial judge.
On appeal, defendant asserts that the proper measure for compensation in this matter is found in La.R.S. 23:1221(4)(c)(o) for the proportionate loss of use or function of a finger, which amount has been fully paid.
PROPER MEASURE OF COMPENSATION

Total or Partial Disability

We find no error in the trial judge’s failure to award benefits for permanent total disability or for partial disability. A worker who is unable to return to any gainful employment without suffering substantial pain is entitled to compensation benefits for total disability. Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981). A worker is partially disabled when he cannot perform the duties required by his former employment but can still do other work. Scott v. Sears, Roebuck & Company, 406 So.2d 701 (La.App. 2d Cir. 1981).
In the instant case, the record clearly demonstrates that the only pain which plaintiff presently suffers, as a result of the accident, is intermittent, transient and minimal. Although plaintiff suffers from a residual sensitivity to cold and trauma in the injured finger, this sensitivity is not disabling. Trauma in the form of a blow or bump to the finger merely causes a momentary sharp pain similar to an electrical shock and does not hinder plaintiff from performing the duties required by his former employment. The intolerance to cold weather can be compensated for by the use of a glove during cold weather. All of the medical evidence is to the effect that plaintiff is presently able to perform the duties required by his former employment. Plaintiff, himself, testified that he felt that he was able to do the work and perform the same duties for Rabalais as before the injury. Based on the above facts, we hold that the trial court did not err in failing to find Mr. Gauthier totally and permanently disabled or partially disabled. However, we find that the trial court clearly erred in failing to find plaintiff to be entitled to benefits for temporary total disability. The uncontroverted evidence is to the effect that plaintiff was unable to return to work after the accident until April 26, 1982 and that a subsequent re-occurrence of the infection also prevented plaintiff from working. We find that this second period of temporary total disability extended beyond December 5, 1982, until January 3, 1983. Dr. Hines’ release *339 of the plaintiff to return to work as of December 1,1982 was equivocal. He merely opined after examining plaintiff on November 24, 1982 that plaintiff would probably be able to return to work on December 1, 1982. However, instead of returning to Dr. Hines, plaintiff returned to Dr. Davidson on December 6, 1982, who determined that plaintiff was unable to return to work until January 3, 1983.
At the time of the injury, plaintiff was earning an average weekly wage of $280.00. On that basis, Indiana Lumbermen’s paid maximum benefits at the rate of $183.00 per week for temporary total disability from March 5, 1982 through April 26, 1982 and again from November 8, 1982 through December 5, 1982. Plaintiff is entitled to receive benefits at the rate of $183.00 per week for his second period of temporary total disability from December 6, 1982 through January 2, 1983.
SCHEDULE LOSS
The trial judge awarded plaintiff scheduled benefits for the total anatomical loss of the left middle finger. Plaintiff asserts that he is entitled to scheduled benefits for a proportionate loss of use or function of his hand; and defendant urges that the award should be limited to a proportionate loss of use or function of the finger.
Dr. Davidson and Dr. Cromwell agreed that although plaintiff was able to perform the duties of his employment, he had suffered a 25% impairment or anatomical disability of the middle left finger. Although both physicians extrapolated this finding to a 5% impairment of the left hand, their testimony fails to relate the injury to the hand as a whole in any manner other than that the finger forms a component part of the hand. Plaintiff’s award was therefore properly limited to the finger. Nash v. Knoblock, 381 So.2d 404 (La.1980).
We also find merit to defendant’s contention that the award should have been made pursuant to La.R.S. 23:1221(4)(o) for a percentage impairment of the finger. There is no evidence in the record to support the award by the trial judge for the total anatomical loss of use of the finger. The record indicates that plaintiff has a 25% impairment of the left middle finger. Since this case falls within the provisions of La.R.S. 23:1221(4)(o), we also find no merit in plaintiff’s argument that he is entitled to compensation pursuant to La.R.S. 23:1221(4)(p).
Under the scheduled losses, although plaintiff would be entitled to 25% of $183.00 for a period of 20 weeks, this compensation allowance is subject to deductions for payments for temporary total disability. La.R.S. 23:1223. Therefore, plaintiff is not entitled to any award for the scheduled loss for the reason that his award for temporary total disability is greater than the amount due under the scheduled loss. Parks v. Louisiana Health Care Ass’n, 436 So.2d 693 (La.App. 3rd Cir.1983), writ denied, 441 So.2d 1220 (La.1983).
PENALTIES AND ATTORNEY’S FEES
Mr. Gauthier received compensation benefits for temporary total disability from the time of injury until April 26, 1982. Indiana Lumbermen’s terminated compensation benefits to plaintiff on April 26,1982 based upon Dr. Davidson’s medical report of that date, releasing plaintiff to return to work. Plaintiff thereafter returned to the full duties of his job. Therefore, plaintiff’s benefits were properly discontinued at that time. The subsequent re-occurrence of the infection, which again rendered plaintiff temporarily disabled, occurred coincidentally at a time when plaintiff was out of work. Written demand for reinstatement of benefits retroactive to the date they were discontinued was made on November 8, 1982 and this suit was filed on December 8, 1982. That same day, i.e., December 8, 1982, Indiana Lumbermen’s sent drafts for all accrued compensation benefits. Under these circumstances, payment was made within 60 days after receipt of notice and, at any rate, the delay in reinstating benefits as a result of the re-occurrence was not arbitrary or capricious. Therefore, plaintiff is not entitled to penalties and attorney’s fees. La.R.S. 23:1201.2. Although *340 we have determined that the second period of temporary total disability extended beyond December 5,1982, and that plaintiff is entitled to temporary total disability for the period extending through January 2, 1983, these benefits had not accrued at the time this suit was filed in which plaintiff was claiming a right to permanent total disability, permanent partial disability or scheduled loss benefits. For these reasons, we find that plaintiff has failed to prove any entitlement to penalties and attorney's fees.
DECREE
For the reasons assigned, the judgment of the trial court is amended to award plaintiff, Hulin Gauthier, Jr., compensation benefits for temporary total disability at the rate of $183.00 per week from March 5, 1982 through April 26, 1982 and from November 8, 1982 through January 2, 1983, with interest thereon from due date until paid with credit for all sums previously paid in weekly benefits. The judgment is affirmed in all other respects. Costs on appeal are assessed one-half (V2) to plaintiff and one-half (V2) to defendants.
AMENDED AND AFFIRMED.