221 So.2d 291 (1969)
Richard C. MOULEDOUS
v.
Joseph O. POIRIER.
No. 3405.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1969.
*292 Harry A. Burglass, Metairie, for plaintiff-appellee.
Baldwin, Haspel, Molony, Rainold & Meyer, Conrad Meyer, III, New Orleans, for defendant-appellant.
Before REGAN, CHASEZ and GARDINER, JJ.
*293 GARDINER, Judge.
Plaintiff, a qualified architect, brought this suit against defendant for recovery of the sum of $1,850.00, representing his fee for services allegedly rendered in the preparation of plans and specifications for defendant under a verbal agreement with defendant on December 3, 1964. In the alternative, plaintiff prays for the value of his work on a quantum meruit basis. Defendant refused to pay plaintiff any amount claiming that he failed to carry out the terms of their contract.
After trial in the 24th Judicial District Court for the Parish of Jefferson, there was judgment in favor of plaintiff on a quantum meruit basis in the sum of $1,500.00. Defendant appealed and plaintiff has answered the appeal praying that the amount be increased to $1,850.00.
Plaintiff alleges that he was retained by defendant for his "professional services in connection with preparation of plans and specifications for the construction of a proposed 22-unit multi-family structure"; that pursuant to this alleged agreement, he did in fact prepare "complete plans and specifications in a good, workmanlike and professional manner * * *", and that he had "taken all steps necessary" to obtain the building permit. In his answer defendant admits that he and plaintiff entered into an oral agreement for "complete" plans to be delivered to him by December 25, 1964, and that previous to February 2, 1965, he and plaintiff's assistant went over "preliminary plans" which defendant alleges were inadequate and required revision. Defendant further averred that he received the plans on February 11, 1965, from the Department of Regulatory Inspections of the Parish, but that they were of no value to him inasmuch as they were "unworkable, incomplete and unsatisfactory."
Defendant complains that the trial judge erred (1) in failing to hold that plaintiff is bound and estopped by the allegations of his petition; (2) in failing to exclude evidence objected to by counsel which enlarged the pleadings; (3) in allowing recovery under a quantum meruit where plaintiff proved the existence of the alleged contract, and (4) in failing to measure recovery according to the value of the benefits received.
At defendant's home, on December 3, 1964, plaintiff allegedly agreed verbally to prepare complete plans and specifications for a 22-unit apartment to be constructed on defendant's land and defendant asserts they were to be completed by Christmas as time was of the essence. Defendant contends that he was anxious to start construction before the parish enacted a comprehensive zoning ordinance which might prevent the contemplated construction and before money became "tight" making financing infeasible. A fee of about three per cent of the total cost of the building, without any supervision by the architect, was mentioned at this first and only meeting between plaintiff himself and defendant. The testimony is conflicting as to the cost of constructing the apartment; plaintiff says it was $225,000.00 and defendant states that it would cost $190,000.00. The evidence shows that the plans as submitted were incomplete and were defective in many respects. Defendant contacted plaintiff's office many times without success to ask for delivery of the plans, but it appears that they were finally filed by plaintiff's associate, a Mr. Olliges, on January 22, 1965, in the proper office of the parish. It was not until February 2, 1965, that plaintiff received a letter from defendant's counsel, copy, of which is introduced in evidence, notifying him that defendant would expect a compliance with his previous request to complete the plans and obtain a permit within five days or plaintiff would make other arrangements. On February 6, 1965, plaintiff wrote defendant that everything necessary had been done to obtain a permit for the proposed construction and that the permit would be issued by the Jefferson Parish Department of Regulatory Inspections as soon as defendant made a proper test pile on the land. On February 11, defendant *294 received a telephone call from Mr. Olliges, who did not testify in this case, saying that the plans were ready and that he could pick them up from the Department, which he did on that day by first paying $144.50. The amount of the construction, $225,000.00, was inserted in the application by Mr. Kennedy, a building inspector for the parish, after a call to the architect's office for this information. The permit was issued with certain restrictions, one being that a test pile had to be made by defendant at his own expense. Defendant said that the money market tightened up in June 1965, and while he did nothing further towards building the structure, he renewed the permit on August 5, 1965, and again on February 16, 1966.
On March 5, 1965, plaintiff wrote the following letter to plaintiff concerning his fee for services which had been performed to that time and additional work if required by defendant:
"Mr. Joseph O. Poirier 9501 Jefferson Highway New Orleans, Louisiana
"Re: Casa Grande Apartments
 CN: 6434
"Dear Sir:
"Some time ago when we first discussed the drawings for your apartments, the architectural fee was mentioned at about 2 ½% of the construction cost. Also, it was agreed that the fee would be reduced if the apartments were not built.
"For our mutual benefit and understanding, we believe that setting a lump sum fee would be preferable to the percentile agreement. We would like to propose that the project be listed in three stages, as follows:

"1. Drawings and specifications completed to date .............. $ 1,850.00
"2. Revisions to drawings, completing engineering work, polishing-up
 drawings and specifications .................................... $ 1,650.00
"3. Job supervision (if required) .................................. $ 1,000.00
 _________
 TOTAL ........................................................... $ 4,500.00

"Stage #1 has been completed by our office and should represent the total project should you decide not to build the apartments. Since we are starting on stage #2, we believe it important to come to some agreement at this time.
"Incidentally, the above figures, including supervision, total less than 2 ½% of our preliminary cost estimate ($190,000.00).
"If you concur in the above, we would appreciate your signing and returning to us one copy of this letter so we may proceed with the final phase of the drawings."
Defendant refused to sign the letter and on the trial admitted only that they agreed the architect's fee would be about two and a half or three per cent of the total cost provided defendant could secure proper financing and constructed the building.
*295 On May 1, 1967, plaintiff made demand upon defendant for $1,850.00 stating that it represented his fee for professional services for "preliminary and partially completed working drawings." A copy of a letter written by counsel for defendant to plaintiff, dated May 4, 1965, which plaintiff offered in evidence, reads in part as follows:
"It seems that a permit was obtained on the basis of certain plans which Mr. Piorier states he never saw until after the permit was obtained from Mr. Kennedy of the Regulatory Board. Thereafter Mr. Harry Olliges, your associate, agreed to make certain changes and corrections on said plans which have never been done. Mr. Olliges further advised Mr. Piorier that you would not permit any work to be done on the plans unless the letter of date March 5, 1965, which you addressed to Mr. Poirier was signed by the latter.
"Mr. Piorier feels that he is not indebted unto you for the reason that the plans were improperly designed structually and otherwise and were not furnished within the time limit that had been agreed upon."
Defendant estimated that the cost of the building would reach $190,000.00 if the plans and specifications were corrected and completed in all details. There is no evidence that defendant attempted to secure a loan as it is his position that he could not get a lending company to finance the building based upon the plans he had in his possession. Defendant's witness corroborated his testimony in this respect. Although it was said that defendant might find a loan company "to be interested," this is not a showing that any company would finance construction on the plans submitted.
From a study of the evidence in this record, we conclude that there was no meeting of the minds between plaintiff and defendant as to the charges for plaintiff's architectural services in preparing plans and specifications. He had the burden of proving by a preponderance of the evidence the existence of an agreement which has the dignity of a contract, and this he has failed to do. Haase v. Brumfield, La.App., 137 So.2d 680.
Plaintiff's alternative claim for architectural services rendered defendant is based upon the equitable doctrine of quantum meruit. LSA-C.C. art. 1965. In Swan v. Beaubouef, La.App., 206 So.2d 315, this court reviewed the jurisprudential development of this theory and said that a party who performs services which benefit another is authorized to recover the reasonable evaluation of the services. See, also, Haase v. Brumfield, supra. However, before discussing this phase of the suit, we shall consider defendant's contention that objected to evidence was not admissible under the pleadings.
Counsel for defendant vigorously objected to the introduction of evidence to show the plans and specifications were other than "complete" as agreed upon and that they were not intended as preliminary drawings on which defendant could obtain a permit and financing for the building. In argument and in brief in this court defendant's counsel assert that under LSA-C.C. art. 2291 plaintiff is bound by his allegations.
As the trial judge stated, "the liberal approach to our Code of Civil Procedure would certainly permit the alternative causes of action pleaded as well as the proffer of evidence to support either cause." In this suit recovery is sought on the proposition of an alleged contract, or alternatively for the value of services rendered on quantum meruit.
While a judicial confession under LSA-C.C. art. 2291 is defined as a declaration which a party makes in a judicial proceeding and is full proof against him, he is not estopped from contradicting his sworn allegations in the absence of a showing that his adversary was misled or deceived by reason of the averment. De Maupassant v. Clayton, 214 La. 812, 38 *296 So.2d 791; Prieto Lumber Company v. Shoultz, La.App., 111 So.2d 857. The allegations in plaintiff's petition are that defendant owed $1,850.00 for his architectural services in preparing "complete plans and specifications in a good, workmanlike and professional manner." At the time these allegations were made, defendant had in his possession the said plans and had used them to obtain a building permit to construct the building.
Counsel for defendant have cited several cases in which the courts of this state, under the cited article of the Civil Code, have stated that parties are bound by their allegations and they cannot be permitted to contradict what they have declared to be a fact, such as where an executor alleged he had no succession property and later asks to reopen the succession for action against the executor, or that he is the owner of a note and later attempts to deny it, or to say in a former suit that he was employed on a monthly salary and in a subsequent suit claim he was an equal partner. Those cases are not applicable.
We find that the evidence was admissible considering all the allegations of the petition and averments of the answer.
Counsel for defendant urges that the pleadings were enlarged by the introduction of evidence, which was strenuously objected to on the trial, to show that plaintiff was employed "only to develop plans which would suffice for the limited purpose of obtaining a building permit and a loan commitment and that, therefore, the court should disregard this evidence. Provisions of C.C.P. art. 1154 are relied upon by counsel. However, it is within the discretion of the trial judge whether to allow evidence objected to on the ground that it is not within the issues made by the pleadings. He no doubt felt, as we do, that "the objecting party" had failed "to satisfy the court that the admission of such evidence would prejudice him in maintaining his defense on the merits." There was also a delay in the trial of the case after the first day, February 12, 1968. It was resumed on February 29, 1968. Moreover, where the evidence complained of is admissible on some other phase of the case or under the pleadings in the record, as it is here, the fact that the evidence broadens and extends the pleadings is inapplicable. See Nezat v. General Outdoor Advertising Co., La.App., 24 So.2d 482. The "rule against admitting testimony which tends to broaden pleadings should be liberally construed, since reasonable discrepancies and variations between allegations and proof must be expected." Cox v. Louisiana Department of Highways, La.App., 25 So.2d 824.
The remaining issue for our determination is the reasonable evaluation of the services performed by plaintiff. Defendant asserts that he did not use the plans and testified that he would not have been able to secure competitive bids nor a commitment for financing the building, but the evidence discloses that he utilized the plans to obtain a building permit on February 11, 1965, and renewed it on two subsequent dates. The trial judge accepted defendant's estimate of the cost of construction at $190,000.00 and stated that if the building had been erected according to the plans, a commission of two and one-half to three per cent would amount to approximately $5,000.00. Based on his conclusion that the architect's duties in preparing the plans were one-third complete, he allowed an award of $1,500.00. We believe the trial judge was incorrect in arriving at this figure in this manner.
There is attached to the brief of counsel for defendant a summary which shows that two of plaintiff's employees worked on the plans and specifications a total of 102 hours, or an aggregate of $394.00 for hourly wages paid by plaintiff. He valued his own services at $10.00 an hour for supervision during that period, which amounts to $1,020.00. Therefore, plaintiff is entitled to receive an award of $1414.00, which we feel is a reasonable charge for the services performed.
*297 Accordingly, the judgment appealed from in favor of plaintiff and against defendant is amended by reducing the amount thereof to $1,414.00. In all other respects the judgment is affirmed with costs of this appeal to be paid by plaintiff.
Amended and affirmed.