354 So.2d 727 (1978)
Frances A. PARISH
v.
BILL WATSON FORD, INC., et al.
No. 8716.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1978.
Rehearing Denied February 14, 1978.
Writ Refused March 31, 1978.
*728 Louis G. Gruntz, Jr., Jefferson, for plaintiff-appellant.
Chaffe, McCall, Phillips, Toler & Sarpy, Charles L. Chassaignac, New Orleans, for defendants-appellees.
Before REDMANN, LEMMON and STOULIG, JJ.
STOULIG, Judge.
Plaintiff, Frances Parish, successfully sustained her action in redhibition and was awarded a judgment against Bill Watson Ford, Inc., and the Ford Motor Company for the return of the purchase price of an automobile that had a defect in its rear window, subject to a usage credit of 12 cents per mile.
In her petition appellant demanded attorney fees as damages on the basis that the seller knew of the defect but did not seek as damages expenses of preparing for trial that are not ordinarily taxed as costs. The judgment, silent as to attorney fees, was rendered May 18, 1976, and the delays for perfecting a devolutive appeal expired without an appeal being taken therefrom.
Instead of filing an appeal, plaintiff sought attorney fees and the expenses of taking discovery deposition not used at the trial via a rule to tax costs. Both of these demands were rejected in the judgment on the rule and plaintiff perfected this appeal from that judgment. On appeal plaintiff limited her argument to the propriety of the dismissal of the rule to tax costs.
Appellant's argument that she is entitled to attorney fees and "other expenses" authorized by C.C. art. 2545[1] from the bad faith vendors is academic. Even though the trial court found as a fact the vendors knew the window had distortions before the sale was made, by failing to timely appeal appellant has lost her right to further pursue these claims for attorney fees and expenses.
Attorney fees and expenses of preparing for trial that are not taxable as costs can only be awarded if there is express statutory authority to do so. Plaintiff's demand for attorney fees was rejected in the district court; the silence of the judgment on this point is tantamount to rejection. Succession of Foster, 240 La. 269, 122 So.2d 96 (1960); Palama v. Palama, 338 So.2d 776 (La.App. 4th Cir. 1976). Her remedy to question the trial court's failure to impose attorney fees on a bad faith finding was by appeal and when the time expired for perfecting this appeal, the judgment became final.
*729 As to the claim for discovery depositions that were not introduced or used at the trial, plaintiff never demanded reimbursement in her main demand for nontaxable costs of preparing for trial. Her right to demand these as damages, just as with the attorney fees, is conferred by C.C. art. 2545 and should have been litigated on the merits and not in an ancillary rule to tax costs. Subsequent demand of these costs in a separate proceeding constitutes an improper division of an obligation in violation of C.C.P. art. 425, and any right to enforce the remaining portion of the obligation has been lost.
Plaintiff therefore may recover on this rule only the costs ordinarily assessed against the unsuccessful litigant and the costs of discovery depositions not used at the trial may not be charged against defendants. R.S. 13:4533; Succession of Franz, 242 La. 875, 139 So.2d 216 (1962).
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.
NOTES
[1] "The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys' fees, is answerable to the buyer in damages." C.C. art. 2545.