BOUTALL, Judge.
This case was consolidated in both the trial court and this court with the companion case, our docket No. 9647, entitled Donald G. Lambert, et al. vs. Alvin J. Cronvich, *551 et ah, handed down this date. Because the companion case was filed later and grew out of the events which took place in this case, and because there were two separate judgments rendered in the trial court, we, for the purposes of clarity, render two separate judgments here, although the judgment in the companion case modified the judgment in this case.
The litigation between the parties commenced on February 17,1976 with the filing of a joint petition of three plaintiffs, The Bank of New Orleans & Trust Company, (hereinafter called BNO), Maryland Casualty Company, (hereinafter called Maryland), and Hibernia National Bank in New Orleans, (hereinafter called Hibernia), alleging that they are the holders and owners of a number of promissory notes secured by a continuing guaranty of the four named defendants, Donald G. Lambert, Sharon W. Lambert, Lambert Aviation, Inc., and Lambert Construction Company, Inc. (hereinafter called Guarantors). Judgment was basically rendered in favor of the plaintiffs as prayed, the defendants appealed, and we affirm.
In essence the suit arose as a result of a number of financial transactions of a corporation known as Donald G. Lambert Contractor, Inc., not made a defendant because it had been placed in bankruptcy prior to this suit. That corporation had been in business as a rather substantial road building contractor, and in the operation of the business, Maryland Casualty Company had executed a number of public works contract bonds as surety. The two banks had been loaning money to the corporation. In May of 1974, BNO had outstanding loans of some $2,200,000 to the corporation, affiliated corporations and the Lamberts, and Hibernia had loaned $547,000. The banks refused to lend more money, and to help the corporation stay in business, Maryland agreed to guarantee new loans of up to $2,000,000 to be made by BNO to the construction corporation. As a result of this an agreement was made between Maryland and BNO to state their relationship concerning the proposed transaction, the security devices necessary, and the allocation of payments. At the same time the defendant guarantors as well as all other Lambert interests, gave a document guarantying both the past loans and the proposed future loans and affording a number of other security devices, including chattel mortgages, pledges and collateral mortgages to secure all transactions. Later, because the Hibernia notes were due, Maryland guaranteed the payment of a $250,000 note held by Hibernia and Hibernia was given the right to share in the collateral pool created in the agreement of May, 1974 by BNO and Maryland.
Unfortunately, the infusion of additional borrowed money did not solve the corporation’s problems, but served to increase the indebtedness due the plaintiffs. No payments were made to reduce the principal indebtedness to any degree and as a result Maryland was required to pay to BNO the sum of $2,007,890.40 in accordance with its agreement of guaranty, as well as pay Hibernia for its $250,000 note. In addition to these two notes, BNO held some eight notes with a face value total of $2,500,000 as follows:
Note # 0098047 for $7,500; Note # 0081457 for $500,000; Note # 0014707 for $200,000; Note # 0090401 for $150,-000; Note # 0079552 for $350,000; Note # 0011583 for $50,000; Note # 0012587 for $200,000 and Note # 7500709 for $300,000.
Hibernia held note # 341075 for $297,-000.
It is upon these notes and the continuing guarantys that suit was brought.
The evidence unquestionably establishes that the money was loaned as plaintiffs alleged, and that the notes, the continuing guarantys, endorsements.and other collateral were executed by the defendants as set out in each of the many notes and voluminous documents filed in connection therewith. The defendants do not seriously contest the execution of the documents or the amounts of the notes. Their defense is based on other matters, which will be considered later. The trial judge granted *552 judgment to the various plaintiffs in the amount of the notes plus accrued interest as of November 18, 1976 (the date of trial) together with further interest and attorney’s fees and recognition of the special mortgages, liens and privileges that were introduced in evidence. We find no error in his judgment and we affirm. This appeal however raises more issues than simply the judgment on the merits. These issues are all procedural, and we have chosen to discuss them after judgment on the merits, because of the very complex, interrelated procedural issues which exist in this case, and are compounded in the companion case.
The first issue raised procedurally is that appellant contends the trial court erred in granting a summary judgment in favor of BNO on two notes, No. 0011583 for $50,-000 and No. 0012587 for $200,000, previous to trial on the merits, contending that those notes were prematurely called and there were issues of fact concerning credits and set-off. We are of the opinion that it is unnecessary for us to consider that issue because those two notes and the amounts thereof were included in the judgment on the merits granted in favor of BNO. That judgment not only itemized those notes, but contained the following decree: “It is further ordered, adjudged and decreed that this judgment encompasses and includes the partial summary judgment awards made to plaintiffs by judgment dated August 9, 1976, as amended on November 18, 1976.” Because those notes are included in the judgment on the merits, and we have decided that the judgment on the merits is correct, we rule that that issue is moot.
The next error urged is that the District Court erroneously dismissed the defendant’s reconventional demand against Maryland Casualty Company on November 4, 1976, prior to trial on the merits.
The defendants filed an answer to the petition, admitting some of the allegations and denying others. Several months later the defendants filed a reconventional demand which alleged that BNO, Hibernia and Maryland shared a community of interest and in fact had a common plan and partnership relationship amongst themselves in connection with the Lambert obligations and interests. The demand then set out a number of allegations of wrongful conduct on the part of Maryland Casualty Company, which, in essence, accuses Maryland and a number of its agents with deliberately setting out to destroy the sources of income available to the Lambert interests on its contracts, while at the same time taking over the operation of those contracts, and by mismanagement and/or fraudulent schemes destroying the Lambert businesses. Maryland is also charged with improperly causing the banks to demand the balance due on the notes held by them, and the banks are accused of aiding Maryland and improperly making demand on the promissory notes. The demand concluded with prayer for trial by jury. To this re-conventional demand Maryland had filed a number of exceptions as well as a motion to separate the trials of the main demand and the reconventional demand. The banks originally filed only a motion for severance, and it was not until a long time later that they filed exceptions to the reconventional demand. Maryland’s exceptions and the motions for separate trial came up on November 4, 1976.
Appellant does not argue before us that the exception of Maryland should not have been sustained, simply that his attorney was not present at trial and the judge should not have maintained the exception without his presence. Appellants’ claim is that a letter had been written to the trial judge advising him that counsel was unable to attend. The letter is not contained in the record, and even if it were, nothing has been presented to us to show that the trial judge should have, on the basis of that letter alone, voluntarily continued the matter set for trial.[1] We note that the trial judge had granted to appellant a number of delays previous to this time for various reasons, and we are not shown any abuse of the trial judge’s discretion in proceeding with the trial.
*553 The most serious of errors urged by the appellant concerns the admissibility of evidence on the trial on the merits. Appellant complains that the court should have permitted evidence sought to be offered of counter claims and set-offs against the amounts due on the note as outlined in its reconventional demand. First, we point out that the answer filed contained no affirmative defenses and was simply an admission or denial of the allegations of the petition. If any such matters are raised, they were raised in the reconventional demand. At the time of trial the trial judge had already dismissed the reconventional demand against Maryland, and had severed the trial of the reconventional demand against the banks. The appellant argues that under Article 1005 of the Code of Civil Procedure his reconventional demand should have been considered as pleading an affirmative defense so as to permit him to introduce evidence in connection therewith. Secondly, he argues that he should have been permitted to introduce evidence of credits due the defendants by virtue of Article 1154 of the Code of Civil Procedure permitting amendment of the pleadings during trial.
These issues have in the main already been considered by this court in a previous writ application, Docket # 8417 Donald G. Lambert et al. vs. The Bank of New Orleans & Trust Company, et al. We now have before us the entire record, and the brief opinions expressed by us in denial of the writ are affirmed by us. At the outset of the trial, the trial judge stated that he was not going to hear any evidence under the reconventional demand, and he continued that ruling throughout the trial. Whenever attempts to introduce evidence to the contrary were made, there was prompt objection which was sustained. There was no broadening of the evidence, and there was no showing that the trial judge abused his discretion in keeping the trials separate. See Webster v. Rushing, 316 So.2d 111 (La. 1975); Mouledous v. Poirier, 221 So.2d 291 (La.App. 4th Cir. 1969); Brooks v. Fondren, 199 So.2d 588 (La.App. 3rd Cir. 1967). We find no error in the rulings complained of.
Appellant next complains of the District Court’s denial of Lambert’s motion to withhold judgment. As to this we note that the judgment on the merits was signed on November 30, 1976 and the motion to withhold judgment was filed on December 7th. Although Code of Civil Procedure Article 1038 gives the court authority to grant this type of relief in a case such as this where the trial of the reconventional demand is severed from the trial of the main demand, that authority is not unlimited. The article reads, in pertinent part: “When in the interest of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other.” The judgment had already been signed and the article was not then appropriate. However presuming that new trial could have been granted, it was still within the discretion of the trial judge to determine the justice or injustice of withholding the judgment and there has been no showing of abuse of discretion or error in such a determination.
There are other issues which have been raised before this court of a procedural nature, and we conclude that we have already disposed of these matters in writ application, or that they have become moot because of the filing of suit by appellants on the issues sought to be injected in the matter now before us.[2] We specifically note of course that the companion suit before us contains not only whatever issues of payment or compensation or set-off could have been urged in the present suit, but further issues. Additionally we are told by counsel for all parties in argument that a third suit, involving the issues posed in the *554 reconventional demand as well as many other issues, has been filed and tried and has been appealed to this court.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. We have previously denied application for writs on this issue, Docket No. 8417.

. These two cases are: 373 So.2d 554 entitled Donald G. Lambert, et al. v. Alwyn J. Cronvich, Sheriff of the Parish of Jefferson, et al., No. 196-918 of the docket of the 24th Judicial District Court for the Parish of Jefferson, consolidated with this case; Docket No. 10252 entitled Sharon W. Lambert, et al. v. Maryland Casualty Company, No. 196-638 of the docket of the 24th Judicial District Court for the Parish of Jefferson, which we have refused to consolidate with this case on motion of appellant.