394 So.2d 820 (1981)
BARBATO, SUPER & ROBINSON, INC.
v.
Louis R. KOERNER.
No. 11372.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1981.
Law Offices of Louis R. Koerner, Jr., a Professional Law Corp., Louis R. Koerner, Jr., and Briley Richmond, New Orleans, for defendant-appellant.
Trudy Oppenheim, P. C., New Orleans, for plaintiff-appellee.
Before BOUTALL, GARRISON and KLIEBERT, JJ.
KLIEBERT, Judge.
This suit arose over the non-payment by defendant of charges for taking depositions. Plaintiff, Barbato, Super & Robinson, Inc., a court reporting firm, originally sued Louis R. Koerner, Jr., an attorney, individually, for $757.84 allegedly due on an open account. After the filing of an exception by Louis R. Koerner, individually, the plaintiff amended his petition to include the Law Offices of Louis R. Koerner, Jr., a Professional Law Corporation, as a defendant.
The trial court dismissed the claims against Louis R. Koerner, Jr., individually, and awarded judgment in favor of plaintiff, Barbato, Super & Robinson, Inc., and against the Law Offices of Louis R. Koerner, Jr., a Professional Law Corporation, in the amount of $757.84 with legal interest *821 from date of judicial demand until paid, plus 25% of the principal and interest as attorney's fees.
Counsel for appellant and appellee contend the issue is res nova in Louisiana. The defendant-appellant, citing common law jurisprudence, contends the expenses of a lawsuit are those of the client; hence, the attorney is not liable unless he expressly or impliedly assumes special liability therefor. He argues that the relationship created between the attorney and his client by the employment contract is a mandate; hence, the attorney as an agent is not personally liable on a contract made for his client, the principal, where the other party to the contract knows the attorney is acting as an agent for his client. The appellee, also citing common law jurisprudence, contends that even though the attorney is a principal and the person with whom he contracts knows it, the attorney is personally liable for the expenses in the absence of an express disclaimer of responsibility at the time the services are ordered.
Under the facts of this case, this court does not believe it is necessary to go into the client-attorney relationship or accept one or the other of the common law views urged by the appellant and the appellee to resolve the case.
In the case at bar, the employees of the Law Offices of Louis R. Koerner, Jr., a legal corporation, contacted plaintiff for court reporting services. Mr. Koerner, testifying at the trial, admitted that a series of depositions were taken by plaintiff for his office in numerous cases. He also admitted that he had never told the court reporter to bill the client directly for costs of the depositions nor did he ever give the reporter his clients' addresses. The charges he was refusing to pay was for some of the many charges made on the firm's open account.
Mr. George Barbato, an owner of the court reporting firm, testified that the firm had extended an open account to the Law Offices of Louis R. Koerner, Jr. He also stated that Mr. Koerner never objected to the outstanding balance in question here; but, always expressed an intent to pay it. He also testified that this method of contracting for services between the parties has gone on for a long period of time.
Under these facts, the law firm, a legal entity, contracted with the plaintiff for the services for itself under a long established open account and, hence, bound itself for the charges. The law firm may or may not have a claim against its client for the charges. We do not pass on that issue.
The appellant also contends that since deposition expenses are taxable as cost of the litigation, they cannot be held to be the responsibility of the attorney. This argument has no merit. The costs of discovery depositions not used at the trial may not be taxed as costs. R.S. 13:4533. Succession of Franz, 242 La. 875, 139 So.2d 216 (1962); Parish v. Bill Watson Ford, Inc., La.App., 354 So.2d 727, writs denied 356 So.2d 1005. Since there is nothing in the record to indicate otherwise, it would be speculating to accept as fact that the depositions, the charges for which are the subject of this suit, were or will ultimately be taxed as costs.
Additionally, the defendant contends the trial court erred in awarding attorney's fees because the debt arose prior to the effective date of R.S. 9:2781. Therefore, he urges the awarding of attorney's fees in this instance gave the statute an improper or illegal retroactive effect.
R.S. 9:2781 reads in pertinent part as follows:
"When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant._ _ _"
Clearly, the attorney fees are awarded for the prosecution and collection of the claim. The suit for the collection and prosecution of the claim was instituted after demand for payment was made on the defendant and after the effective date of the *822 statute. Defendant could have avoided the application of the statute at any time before filing of the suit by paying the account. Since the plaintiff timely complied with the requirement of the statute and judgment on the claim was rendered against him, the trial court and this Court is mandatorially required to apply the statute. The award of 25% for attorney fees made by the trial judge is reasonable.
Accordingly, for the reasons stated above the judgment of the trial court is affirmed. All costs of appeal to be paid by appellant.
AFFIRMED.