MARVIN, Judge.
In this action arising out of an alleged employment relationship, plaintiffs (Mr. and Mrs. Brashers) appeal a judgment against them on the defendant corporation’s reconventional demand for corporate funds allegedly converted by Mr. Brashers ($10,189) which is partially offset by the award in the principal demand for wages owed them by the corporation ($480).
Mrs. Brashers contends that she should have been awarded wages from December 1979 through September 1980 and statutory penalties and attorney fees.
Mr. Brashers contends that the trial court should have credited him with $14,000 for expenditures he made from his personal funds for the corporation instead of $4,000, that the trial court erred in admitting certain evidence against him and in failing to admit other evidence favoring him, and that the trial court erred in allowing some expenses claimed by the corporation to be assessed as costs.[1]
We adopt the detailed reasons for judgment given by the trial court, which we here summarize, and, allowing some reduction in the costs assessed, we amend and affirm the judgment.
*411 THE RELATIONSHIP
With Dr. Raul Cuestas as the principal stockholder, the corporation was chartered in December 1979 as a neonatal ambulance or transportation service and to transport cadavers for the Caddo Parish Coroner. Mr. Brashers was the only full time employee and served the corporation as president and general manager of the business. Other employees worked only part time as the need arose and all receipts from corporate services were placed in a petty cash fund out of which Mr. Brashers paid wages and other expenses of the business. Mrs. Brash-ers was not on the payroll of the corporation during the first 10 months of its existence, but she spent a great amount of time assisting her husband and other corporate employees in conducting the corporate business.
During Mr. Brashers’ association with the business, the corporate CPA counseled him and Dr. Cuestas that the petty cash fund should not be used in the manner in which Brashers was using it.
On October 1, 1980, the corporation became qualified and began operating as a full service ambulance company with an increased volume of calls and the acquisition of additional equipment. Mrs. Brash-ers was then hired by her husband and was thereafter paid as a full time employee on the payroll records of the corporation.
The dispute between these litigants arose after the corporate CPA assigned one of his associate accountants to the corporate office shortly before July 1, 1981, to organize and implement accounting procedures more in accord with good business practices. Mr. and Mrs. Brashers resigned their employment on July 8,1981, and shortly thereafter were charged by Dr. Cuestas with felony theft of corporate funds.[2]
Mr. and Mrs. Brashers then brought the principal action for wages, for vacation pay, and for penalties and attorney fees. The corporation reconvened, alleging Mr. Brash-ers’ conversion to personal use of corporate funds.
MRS. BRASHERS’ DEMANDS
The trial judge found no employment relationship existed from December 1979 through September 1980. Dixie Brashers never complained during this period to anyone but her husband about not being paid for her work. The trial judge found it incredible that a person who believed she had a right to compensation would not complain to someone with more authority in the corporate structure if she had not received any compensation after months of performing work for the corporation. The trial court found that Mrs. Brashers’ explanation for not demanding that she be paid (because she knew the corporation had no funds to pay her) was contradicted by evidence showing that all other employees were paid regularly out of petty cash during this same period. The trial court resolved the credibility issue against the Brashers. The record supports these findings and we find no manifest error. Under these circumstances attorney fees and penalties were also properly denied.
MR. BRASHERS’ CONTENTIONS
Mr. Brashers first contends that the trial court erred by not considering his personal checks as evidence of expenditures for corporate purposes for which he should be allowed a set-off. The trial court correctly found that the face of a check does not conclusively prove anything concerning the expenditure without other corroboration or explanation. Although Mr. and Mrs. Brash-ers were apparently authorized to make purchases for the corporation, they failed to document their claimed purchases.
The trial court concluded that some of the checks clearly established a corporate expenditure because of the description of the payee, the explanation on the check, and the unlikelihood that such an expenditure would normally arise from a personal *412 need. The court found these checks to be for a corporate expenditure.
Another group of checks, which were not as informative, were found to be substantially identifiable and the court inferred that they were for corporate purposes. The trial court found a third category of checks were not shown to be identifiable as corporate expenditures. This third group included checks for personal expenses and an insufficient explanation or no explanation at all was given as to the nature of these checks. This analysis and weighing of evidence by the trial court is supported by the record and we see no error.
Mr. Brashers also contends that the trial judge erred in admitting trip tickets of the ambulance service, business checks of the ambulance service written by Mr. Brashers, and deposit slips evidencing cash deposits made by Mr. Brashers into his personal checking account, totaling $10,284.56, into evidence as an expansion of the pleadings. We find that this evidence is relative to the allegations of wrongful conversion in the reconventional demand. This was not an expansion of the pleadings. If appellant felt he was prejudiced by this evidence he could have requested a continuance because of contended prejudice. CCP 1154. The trial court has much discretion in this area. Failure to seek a continuance constitutes a waiver. See Mouledous v. Poirier, 221 So.2d 291 (La.App. 4th Cir.1969). Under these circumstances, and, even if this complaint is reviewable on appeal, we find no error.
Mr. Brashers also contends the trial court erred in refusing to consider evidence of expenditures from petty cash for corporate expenditures. The trial court considered that Brashers made no record of the income or the expenditures to and from petty cash. Evidence of expenses must be compared to receipts or income to properly account for petty cash. Brashers testified that he never recorded receipts into petty cash. “I kept a running balance in my head ...” Because of Brashers’ admitted failure to maintain proper records, we find the trial court did not err in refusing to allow Brashers’ claim that the missing petty cash funds were expended by Brashers for the corporation.
Mr. Brashers lastly contends that it was error to assess as costs the fee of the expert witness and the costs of the preliminary examination in the district court criminal proceeding and discovery depositions. Ted Cook was accepted as an expert accounting witness, and his witness fee of $150 is considered reasonable. There is no error in this item of court cost.
The costs of the preliminary examination and the depositions, however, are another matter. Although providing generally for the taxing of costs, LRS 13:4533 does not allow the cost of discovery depositions that are not used at trial to be charged against the defendant. See Parish v. Bill Watson Ford, Inc., 354 So.2d 727 (La.App. 4th Cir.1978). The questioned depositions and preliminary examination were marked for identification but were not filed into evidence, as the trial court apparently assumed. We shall amend to disallow these items as costs.
The judgment is amended to delete costs of $275 for the preliminary examination and $180 for the deposition, and is in all other respects affirmed.
AMENDED and AFFIRMED.

. Mr. Brashers asserted that the trial court erred:
(1) in awarding judgment on defendant’s re-conventional demand by refusing to consider evidence of corporate expenditures by Mr. Brashers;
(2) in computing the total of defendant’s recon-ventional demand award by awarding items numbered 11-14 in the trial court’s written opinion, which constituted an expansion of the pleadings; and
(3)in taxing as costs a deposition of Mr. Brashers, a transcript of the preliminary examination and expert witness fees.

. Probable cause was found for the prosecution on a felony theft charge in a preliminary examination in the district court. The district attorney, however, exercised his discretion to dismiss the prosecution. See CCrP 61, 691.