488 So.2d 241 (1986)
AGRICULTURAL EQUIPMENT CO., INC., PlaintiffDefendant in ReconventionAppellant,
v.
Wilbur ROZAS and Bruce Rozas, DefendantsPlaintiffs in ReconventionAppellees.
No. 85-55.
Court of Appeal of Louisiana, Third Circuit.
May 14, 1986.
*242 Young & Burson, H. Kent Aguillard, Eunice, for plaintiff-appellant.
Daniel J. McGee and B.J. Manuel, Mamou, for defendants-appellees.
Before DOMENGEAUX, J., and BABINEAUX and TEEKELL, JJ. Pro Tem.[*]
DOMENGEAUX, Judge.
This is an appeal from the suit on open account filed by plaintiff-defendant in reconvention-appellant, Agricultural Equipment Co., Inc., against Wilbur Rozas and Bruce Rozas, defendants-plaintiffs in reconvention-appellees, for the price of labor and parts expended in the repair of the appellees' tractor. The appellees filed an answer alleging an affirmative defense and a reconventional demand seeking damages for the loss they sustained while the tractor was inoperable. The district judge found that the appellant was not entitled to recover on the open account nor were the appellees entitled to recover their alleged damages. Only Agricultural Equipment Co., Inc. plaintiff-defendant in reconvention appeals the decision.
The appellees are the joint owners of a 1972, Model 1370 Case Tractor. On March 15, 1981, the tractor experienced mechanical difficulty and the appellant company was summoned to transport the tractor to its shop for repairs.
The appellant's employees diagnosed the problem as a broken crankshaft. Mr. Donald Bennett, appellant's manager and president, testified that he informed the appellees that inasmuch as repairing the crankshaft involved disassembling a large portion of the diesel engine and because the tractor had in excess of 2200 running hours it would be prudent to completely overhaul the engine. The appellees opted to have only the crankshaft repaired.
The repair job was performed by Paul Washington. The evidence points out that Mr. Washington had never been classified as a mechanic and he testified that his duties at Agricultural Equipment Co., Inc. included driving trucks to transport tractors, painting, and helping mechanics. Mr. Washington further testified that although he had assisted others in repairing and replacing crankshafts this was the first time he had executed that task alone.
Upon completion of the crankshaft repair, which involved removal and replacement of the broken crankshaft, the oil pump, bearings and other items, the tractor was placed on a dynamometer (an apparatus used for measuring mechical power) and as the tractor ran, a leak was discovered in its radiator. The radiator was removed from the tractor, sent to a local repair shop for mending and was replaced on the tractor. The tractor was again placed on the dynamometer and it achieved an acceptable horsepower measurement. The cost of this repair job was $4,227.70.
The tractor was then returned to the appellees and it was stored for a little less than two weeks. On April 9, 1981, the date the tractor was to return to use, Wilbur Rozas and his employee, Linton Johnson, checked the water level of the radiator and the level of oil in the engine.
The tractor was started, driven approximately two to three miles to a field where it was worked for two to four and one-half hours. Mr. Johnson noticed that the tractor was not performing properly and shut off the engine.
Wilbur Rozas joined Mr. Johnson and after a discussion of the difficulty, the tractor was restarted whereupon a loud noise emanated from the tractor, the oil dipstick was ejected from its slot, and smoke curled from the engine. The tractor was again incapacitated and the appellant company *243 was contacted to have the tractor retrieved to its shop for repairs. The second repair job was performed by Maxwell Chaumont, and required replacement of the exact parts which had been replaced on the initial repair as well as an extensive overhaul of the entire diesel engine of the tractor. The total bill for parts, service, and delivery of the tractor on the second occasion was the sum of $8,266.69.
The appellees refused to make payment on the $8,266.69 bill. The appellant made demand upon the appellee and still the account was not paid.
On March 3, 1982, Agricultural Equipment Co., Inc. filed suit on open account against Rozas Farms, Inc. for the sum of $8,515.95.[1] Shortly thereafter the appellant amended his petition so as to name Wilbur Rozas and Bruce Rozas as defendants.
The appellees filed an answer asserting that the second repair was necessitated by the failure of the appellants to properly repair the tractor during the initial repair visit. The appellees also filed a reconventional demand seeking damages for loss of use and for mental anxiety and frustration during the period that the tractor was incapacitated.
Following a trial on the merits the district judge in his written reasons made the following factual findings and dispositions:
"The court has carefully reviewed the evidence and finds as a fact proven that the original repairs were improperly done by incompetent personnel, and as a direct result thereof the tractor experienced a breakdown after only a short period of running.
The court also finds as a fact proven that the second repairs were the necessary result of the faulty workmanship of the first work done on the tractor, and therefore defendants are not responsible for the costs of these repairs performed by plaintiffs, and consequently plaintiffs are not entitled to recover the amount of $8,515.95 which they seek to recover from defendants.
The court also finds that defendants, plaintiffs-in-reconvention, have failed to prove the damages which they allege, and therefore, are not entitled to recover them from plaintiffs, defendants-in-reconvention."
Agricultural Equipment Co., Inc. appeals the decision of the district court. The issues raised by the appellant's brief as we appreciate them are:
(1) Whether the district judge erred in dismissing the appellant's suit on open account, and
(2) Was it proper to allow depositions into evidence for purposes other than impeachment when the deponents were present and testified at trial.

ISSUE ONE
The appellant avers that the district judge erred in dismissing its suit on open account. Its brief disects this issue into a dual inquiry. First, whether the district judge erred by finding that the plaintiff failed to prove its case on open account by a preponderance of the evidence. Second, was the second repair of the tractor necessitated as a result of faulty repairs performed by incompetent personnel on the initial repair job.
Our determination that the district judge was not manifestly erroneous in finding that the second repair was the result of the poor craftsmanship performed on the first repair job makes it unnecessary for us to delve into whether plaintiff met his burden of proof and necessitates an affirmation on this issue.
A thorough and exhaustive review of the record revealed to us that the craftsmanship issue in this case was dependent upon the testimony of expert witnesses. The trial presented the factfinder with the conflicting testimony of these experts. We *244 need not reiterate the highly technical evidence which was offered to prove or disprove the proposition that the initial repair was performed in an unworkmanlike manner. Suffice it to say that appellees' expert contradicted appellant's expert and vice versa.
Where the testimony of expert witnesses differs, it is largely a matter of fact for the trier of fact to determine the most credible evidence, and a finding of fact in this regard will not be overturned unless manifest error appears in the record. Green v. State, Southwest Louisiana Charity Hospital, 309 So.2d 706 (La. App. 3rd Cir.1975), writ denied, 313 So.2d 601 (La.1975); St. Pierre v. Gabel, 351 So.2d 821 (La.App. 1st Cir.1977), and State v. Wilco, 393 So.2d 885 (La.App. 4th Cir. 1981).
We cannot here say that the decision of the district court was manifestly erroneous and we affirm the district judge's decision to dismiss the appellant's open account suit.

ISSUE TWO
The appellant avers that the district judge erred when, over appellant's objection, he allowed into evidence the depositions of Paul Washington, Maxwell Chaumont, and Hubert Stagg, Jr. for purposes other than impeachment when the deponents were present for trial. Indeed, both Paul Washington and Hubert Stagg, Jr. testified.
Appellant has correctly pointed out that no basis existed for the introduction of these depositions under La.C.C.P. Art. 1450.
After having carefully read these depositions and compared them to the witness' testimony at trial, it is our opinion that the inclusion of these depositions could not have affected the outcome of the case. There is no real difference in the depositions and trial testimony other than that the depositions were more detailed. Therefore, it was harmless error to allow them in. See Clark v. Pernie Bailey Drilling, 445 So.2d 183 (La.App. 3rd Cir.1984).
However, the district judge did assess the costs of these three depositions to the appellant. Since these depositions were improperly admitted and should have been excluded, it follows that the cost of the three depositions were not taxable. The cost of a discovery deposition not used at the trial may not be charged as costs. La.R.S. 13:4533 and Clark v. Pernie Bailey Drilling, supra.
For the above and foregoing reasons the judgment of the district court is amended so as to eliminate the cost of the depositions of Paul Washington, Maxwell Chaumont, and Hubert Stagg, Jr. which is represented by the sum of $359.50. In all other respects the judgment is affirmed. All costs on appeal to be assessed against appellant, Agricultural Equipment Co., Inc.
AMENDED AND AFFIRMED.
NOTES
[*] Judge Allen M. Babineaux of the Fifteenth Judicial District Court and Judge Lloyd G. Teekell of the Ninth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.
[1] The sum of $8,515.95 represents $8,226.69 for parts, service and delivery and $249.26 for finance charges.