EDWARDS, Judge.
This is a suit for worker’s compensation benefits. On August 17, 1982, during the course and scope of his employment with Crown Zellerbach, Inc., Douglas Sykes slipped on a floor while carrying a stack of cardboard boxes and injured his left arm and shoulder. He was off work from the date of the accident until February 6,1984, during which time Crown paid him weekly compensation benefits and also paid all of his medical expenses. In this suit, Sykes seeks additional compensation from Crown for the permanent partial disability he suffered due to the fall.
Crown does not dispute that Sykes has a twenty percent non-disabling loss of function in his left arm as a result of the accident. However, Crown claims that since Sykes has returned to work full time, they are not liable for any more payments. The trial court found that Sykes is entitled to benefits for permanent partial disability under LSA-R.S. 23:1221(3) based on the testimony of Sykes’ treating physician, Dr. Applebaum. The court also relied on Mott v. Wal-Mart Stores, Inc., 486 So.2d 112 (La.1986), in which the court found the plaintiff to be partially disabled as a result of a work-related accident. However, in Mott, the plaintiff was unable to perform the duties in which she was customarily engaged in at the time of the accident. The court stated that a worker is “partially disabled” when he cannot perform the duties required by his former employment, but can still do other work, or would experience substantial pain when working in his former occupation, but could perform other work without experiencing such pain. See Clark v. Pernie Bailey Drilling Co., 445 So.2d 183 (La.App.3d Cir.1984).
We find the district court erred as a matter of law in finding that Douglas Sykes was entitled to benefits under section 1221(3), since the evidence clearly shows he can and is performing the duties in which he was customarily engaged when injured. The record in this case shows that prior to the accident Sykes’ regular job was in the cutting department. Crown has in place a seniority system whereby in the event of a reduction of work force or scarcity of jobs, persons with more seniority are allowed to have the preferred jobs, and junior employees are “bumped” to other positions. Immediately preceding Sykes’ injury, Crown had a reduction in the work force which temporarily forced Sykes back to the corrugated department. While so employed, his primary task was to remove sheets of cardboard coming off of rollers and to stack them on pallets. After one month in this department, Sykes sustained his injury. He returned to work in February of 1984 after being released without restriction by his treating physician.
Upon his return, Sykes obtained a job in the cutting department, where he had worked prior to his temporary transfer. Sykes’ failure to return to the corrugated department was not related to the accident, but instead was due to his own desire to work in a better department. The evidence shows that Sykes did in fact return to the work he was customarily engaged in when he returned to the cutting department. We note that Sykes is now earning wages greater than his pre-accident average weekly wage which supports Crown’s assertion that he has not suffered an impairment in earning capacity.*
We agree with the trial court’s finding that the “odd-lot” doctrine does not apply here because Mr. Sykes was unable to show that he is forced to work in pain or that his steady employment in the labor market is highly doubtful or does not exist. Although Mr. Sykes clearly has lost some of the use of his left arm, it has not prevented him from working in excess of forty *623 hours every week performing his customary duties. The evidence at trial shows that Mr. Sykes is highly regarded as a worker by his supervisors at Crown.
For the above reasons, the judgment of the trial court is reversed insofar as it held that plaintiff was entitled to benefits for permanent partial disability under LSA-R.S. 23:1221(3). Costs to be borne by appellant.
REVERSED.

In Johnson v. Aetna Casualty & Sur. Co., 422 So.2d 1187 (La.App. 1st Cir.1982), cert. denied, 429 So.2d 127 (La.1983), this court held that a partially disabled worker’s compensation claimant could not recover benefits under 23:1221(3) when his post-accident earnings were equal to or in excess of his pre-accident earnings.